No. 300.—SURGHNOR & MULLIN *v.* JOHN A. BEAUCHAMP—P. J. LARKIN, Intervenor.

A conventional subrogation of a privilege given to secure the payment of a draft must be made at the time it is paid. R. C. C. 2160.

If a legal subrogation has taken place in favor of the person who has paid the draft, and the drawer has deposited a lot of cotton with the drawee sufficient to pay a superior privilege claim for rent, then and in such case the proceeds of the cotton will be first imputed to the payment of the rent note, and the legal subrogee has not such a privilege on the crop as will entitle him to provisionally seize it.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. *Ray*, J. *Stubbs & Cobb*, for plaintiffs. *Newton & Hall*, for defendant and intervenor, appellants.

WYLY, J. On the seventeenth of December, 1869, the defendant leased from Edward Nalle a plantation for the year 1870 for $1200, evidenced by a draft of the defendant on the plaintiffs for $600, payable in sixty days, which was accepted, and by a note payable the fifteenth of November, 1870, for $600.

On the twenty-second of October, 1870, Nalle transferred the draft and note to plaintiffs and subrogated them to his privilege as lessor on the crop of the defendant.

The note was subsequently paid.

On the seventeenth of December, 1870, the plaintiffs brought this suit on the draft which they allege they paid at maturity, and alleging the lessor's privilege to which they claim a conventional subrogation, they provisionally seized the crop on the leased premises. On the twenty-first of December, 1870, Porter J. Larkin intervened, claiming to be a sub-lessee, and also the owner of the property seized. He denied that the plaintiffs have a privilege of any kind on the property, and denied that the defendant owed them anything on account of said rent.

The defendant pleaded the general issue and averred that the draft sued on was paid.

The court gave judgment for the plaintiff for the amount claimed, and the defendant and intervenor have appealed.

It is very evident that the plaintiffs were not conventionally subrogated to the lessor's privilege for the amount of the draft, because by their averment in the petition the draft was paid at maturity, which was the seventeenth of February, 1870. It was not till the twenty-second of October following that Nalle made the act of conventional subrogation. He could not, then, subrogate the plaintiffs to the draft which he did not own—they having paid it on the seventeenth of February previous. Revised Code 2160. But assuming, for argument, that the plaintiffs acquired a legal subrogation when they paid the draft in February, 1870, we do not find that they have a privilege on the crop and have the right to provisionally seize it, because it appears

that in April, 1870, the plaintiffs received from the defendant the proceeds of eleven bales of cotton, to wit, $797 75. They say they applied it as a credit to an account which they had against the defendant.

We find the draft for rent, which is the basis of this action, charged as an item in that account. It was the most onerous debt, and to it the law imputed the payment. Revised Code 2166.

Besides, the testimony in the record satisfies us that the proceeds of this cotton were turned over to the plaintiff's for the purpose of paying the draft for rent.

It is therefore ordered that the judgment appealed from be annulled, and it is ordered that plaintiffs demand be rejected with costs of both courts.